

# The Attorney General of Texas

February 11, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Lias B. "Bubba" Steen
Commissioner
Texas Department of Labor and
   Standards
E. O. Thompson State Office Bldg.
P. O. Box 12157
Austin, Texas   78711

Opinion No. MW-443

Re:    License fee for farm
labor contractors

Dear Mr. Steen:

You have asked our opinion regarding the effect of House Bill No. 2089 on article 5221a-5, V.T.C.S. House Bill No. 2089, which became effective August 31, 1981, exempts labor agents who have registered as farm labor contractors under the Farm Labor Contractor Registration Act of 1963, as amended (7 U.S.C. section 2041 et seq.), from the provisions of article 5221a-5.

At issue is whether individuals who paid a license fee as a labor agent under the state law are now entitled to a pro-rata refund of some portion of that annual fee if they are registered as farm labor contractors under the federal act. The question would only apply to those individuals who paid the state labor agent fee after September 1, 1980, since it is an annual fee and the exemption in House Bill No. 2089 became effective August 31, 1981. In addition, it would only apply to those individuals who meet the above stated criteria and have registered as farm labor contractors under the federal act.

We note here that money paid to the Texas Department of Labor and Standards as labor agent license fees is to be deposited into the General Revenue Fund as required by section 9 of article 5221a-5. We are advised that the Texas Department of Labor and Standards, in anticipation of this problem, has placed said license fees in a suspense account with the state treasurer, as provided by article 4388. Notwithstanding the above, all state money, including that in special funds, is subject to the restrictions of article 8, section 6 of the Texas Constitution which reads in relevant part:

> No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law....

However, the legislature has specifically made provision for the refund of money in section 26 of the 1981 General Appropriations Act which reads:

> Any money deposited into the State Treasury which is subject to a refund as provided by law shall be refunded from the fund into which such money was deposited, and so much as is necessary for said funds is hereby appropriated.

Acts 1981, 67th Leg., ch. 875, at 3811.  This section has been construed to allow a state agency to refund money if the law of the state allows for such refund.  See Attorney General Opinions H-224 (1974); H-716 (1975).

We find no language in House Bill No. 2089 or article 5221a-5 which authorizes a refund of money paid as a license fee under any circumstances.  In the absence of specific statutory authorization, the general law of this state expressed in its court decisions recognizes three separate grounds which will support a claim for refund of fees paid to the state; these are (1) fraud, (2) mistake of fact, and (3) duress.  Attorney General Opinions O-6282, O-6974 (1945); See also Attorney General Opinion O-7113 (1946).

We will now consider whether the payment of the license fees inquired about was made in such a manner as to come within the meaning of any of the above three categories.

A license fee is but a price exacted by the state through its police powers for the exercise of a privilege, payment of which is made prerequisite to the right to exercise the privilege sought.  The state has unquestioned authority to exact license fees reasonable in amount for purposes of regulation.

Section 3(c) of article 5221a-5 provides:

> The application shall be examined by the Commissioner.  If he finds that the same complies with the law and that the applicant is entitled to a license and pays the annual license fee of Fifty Dollars ($50), then he shall issue a license to the applicant.  Each license issued by the Commissioner shall be good for a period of one year from date of issuance.  (Emphasis added).

Under the circumstances and facts you have presented, we are of the opinion that payment of labor agency licensing fees do not fall under any of the three aforementioned categories.  At the time the labor agent license fees were paid, the party making application had

full knowledge of all facts surrounding his application for registration as a labor agent. There was no fraud or mistake of fact. As to duress, the Supreme Court of Texas in the case <u>Galveston City Company v. Galveston</u>, 56 Tex. 486, 492 (1882), stated:

> In determining whether the money was voluntarily paid or not, an inquiry must be made into the intention of the parties at the time the money was paid; and unless it appears that, at that time, there was an unwillingness to pay, the payment must be held to have been voluntarily made....

In the instant case we can find no indication that at the time the labor agent license fees were paid, there was any reluctance or unwillingness on the part of a license applicant to pay the fees.

We therefore find no statutory or lawful authorization for you to refund any portion of the labor agent license fees. We therefore do not reach your additional question.

### S U M M A R Y

> Due to the absence of statutory or common law authorization, annual license fees paid by labor agents under article 5221a-5 are non-refundable even though subsequent legislative action may have exempted a certain class of labor agents from the requirement of the statute.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Ed Salazar
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Ed Salazar